IN THE UNITED STATES BANKRUPTCY COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| APEG MAXEY, LP | § | |
| | § | |
| Debtor | § | CASE NO.: 21-31246 |

| | | |
|---|---|---|
| SPECIALTY CREDIT | § | |
| HOLDINGS, LLC | § | |
|     Plaintiff, | § | ADVERSARY NO: _____ |
| | § | |
| V. | § | |
| | § | |
| APEG MAXEY GP, LLC | § | |
| PATRICK DUKE | § | |
| PAUL HAARMAN | § | |
| | § | |
|     Defendants | § | |

## NOTICE OF REMOVAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

    Comes now Apeg Maxey GP, LLC, Patrick Duke and Paul Haarman (collectively the "Other Defendants") in the above-entitled matter, which files this Notice of Removal of a state court action styled *Specialty Credit Holdings, LLC v. Apeg Maxey GP, LLC, Patrick Duke and Paul Haarman,* Cause No. 2021-13847, pending in the 269th Judicial District Court of

Harris County, Texas ("State Court Action" or "Removed Case") to the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

Pursuant to 28 U.S.C. §1452(a) and Fed. R. Bankr. P. 9027, the Other Defendants file this Notice of Removal ("Removal") in the United States Bankruptcy Court for the Southern District of Texas, as the State Court Action is pending in this District. This removal is timely under Fed. R. Bankr. P. 9027(a)(2). The Other Defendants consent to removal and consent to the entry of final orders and judgment by the U.S. Bankruptcy Court.

Jurisdiction of this case arises under 28 U.S.C. §1334 and §1452(a). The Removed Case is a civil action other than a proceeding before the Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power. As grounds for this Removal, the Other Defendants respectfully submit the following:

## **VENUE**

Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the suit was filed is located in this District.

## BANKRUPTCY CASE

The Debtor filed a voluntary Chapter 11 Petition on April 12, 2021. A copy of the Notice of Chapter 11 Case filing Petition was sent to counsel for the Other Defendants by Debtors' counsel on April 12, 2021 at 11:56 a.m. via email.

On April 12, 2021, this notice was served on Plaintiff's counsel. The undersigned counsel for the Other Defendants in the State Court Action has experience before the Bankruptcy Court in this District.

Movants are Patrick Duke, Apeg Maxey GP, LLC and Paul Haarman, the "Other Defendants" named in the suit identified in Section I of this motion. Plaintiff alleges that the Movants are jointly liable under the loan documents with Apeg Maxey, LP.

## RELATION OF THE REMOVED ACTION TO THE BANKRUPTCY CASE

Debtor is the borrower of money from Plaintiff Specialty Credit Holdings, LLC. Movants are Personal Guarantors of Debtor's loan from Plaintiff, but the Guarantors" obligation only "springs" into existence upon certain terms and conditions – terms and conditions that Movants either deny have been triggered, *or in the alternative,* Plaintiff, <u>by its own actions</u>, caused any default that they allege occurred. The State Court

action to enforce the personal guarntees is expressly, factually and legally tied to the Debtor's Chapter 11 filing as any sale of assets from the Debtor's estate will reduce the Movants liability, if any. Determination of the respective liabilities, rights and remedies of the Debtor and the Other Defendants is a crucial component of the Removed Action and of the Adversarial matter. All such claims and causes of actions in the State Court Action have a clear and direct impact on interests and property of the Debtor's estate.

This Notice of Removal is timely as it is filed less than ninety (90) days after the order for relief in the Title 11 case. As mentioned above, the State Court Action was pending when the Title 11 case was commenced. Removal of each claim and cause of action of the Civil Action to the Bankruptcy Court is authorized by 28 U.S.C. §§ 1452, and 1334.

## BANKRUPTCY JURISDICTION

Removal is proper pursuant to this Court's bankruptcy jurisdiction, as authorized by 28 U.S.C. § 1334(b), which provides that federal district courts have "original jurisdiction of all civil proceedings ... arising in or related to cases under Title 11." Cases subject to such jurisdiction are removable under the authority of 28 U.S.C. § 1452, which states that "[a]

party may remove any claim or cause of action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."    The State Court Action "arises in" and/or "relates to" the Bankruptcy Case as the State Court Action is inextricably linked to the bankruptcy because it could result in findings or rulings that affects the Debtor's portion of liability, if any, to Plaintiff and Cross-Claimants. which are critical to the administration of the Debtor's estate.

Failure to remove this case to this Court's jurisdiction would result in harm to all parties, specifically the Other Defendants and Cross-Claimants. The outcome of litigating this action would affect the bankruptcy case in that Debtor could accrue additional financial harm, Cross-Claimants stand to lose more money the longer they must wait to foreclose on the Property, subject to this suit.  For these reasons, removal is proper.

In the Fifth Circuit, if an action could "conceivably have any effect on the estate being administered in bankruptcy, the Bankruptcy Court has "related to" jurisdiction over the action." *Wood v. Wood (In re Wood),* 825 F.2d 90, 93 (5th Cir. 1987). In the present case, the State Court

Action deals directly with one of the Debtor's largest assets and/or liabilities, therefore, it is appropriate for this Court to exercise "related to" jurisdiction.

Further, this is a "core proceeding" as a determination of the extent of the Other Defendants' liability wholly requires adjudication of the Debtor's pending bankruptcy case.

A copy of the Notice of Removal will be filed in the State Court Action without the exhibits. A copy of the docket sheet for the State Court Case is attached pursuant to Bankruptcy Local Rule 9027 as **Exhibit A**. Copies of the pleadings that have been filed in the State Court Action are attached pursuant to Bankruptcy Local Rule 9027 as **Exhibit B.**

## RESERVATION

No admission of fact, law or liability is intended by this Notice of Removal, and all defenses, motions, counterclaims, and pleas are expressly reserved.

NOW THEREFORE, all parties are hereby notified to proceed no further in the State Court Action styled as *Specialty Credit Holdings, LLC v. Apeg Maxey GP, et al.*; Cause No. 2021-13847, pending in the 269th Judicial District Court of Harris County, Texas and the Other

Defendants request any other relief the Court deems just and equitable.

Respectfully submitted,

**THE KRAUS LAW FIRM**

JASON D. KRAUS

SBOT# 24058234
Federal Bar. No. 895467
19500 State Hwy 247, Ste. 350
Houston, Texas 77070
281-781-8677 Telephone
281-840-5611 Facsimile
jdk@krausattorneys.com
**ATTORNEY FOR APEG MAXEY GP, LLC, PAUL HAARMAN AND PATRICK DUKE**



## **CERTIFICATE OF SERVICE**

I do hereby certify compliance with Tex. R. Civ. P. 21. A true and correct copy of the foregoing document has been served on all counsel, by electronic transmission to the electronic mail address on file with the electronic filing manager. Tex. R. Civ. P. 21a(1). If a party has not designated an electronic mail address with the electronic filing manager and was served by electronic mail, then the party was served a true and correct copy of the foregoing instrument by electronic-mail as required by Texas Rules of Civil Procedure 21a(1) and (2). Service was made on all parties, as provided, on this 12th day of April 2021.

_____
JASON D. KRAUS